UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON ANDRE BROWN,

     Petitioner,

    v.                    CASE NO. 2:22-CV-12249
                                HON. GEORGE CARAM STEEH

STATE OF MICHIGAN,

     Respondent.

_____/

## OPINION & ORDER DISMISSING THE CASE WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.   Introduction

Michigan prisoner Keith Edward Gardiner ("petitioner") has filed a pro se "Motion to Extend the Time to File Federal Habeas" concerning his state criminal proceedings. Michigan Department of Corrections ("MDOC") records indicate that the petitioner was convicted of second-degree murder pursuant to a plea in the Wayne County Circuit Court and sentenced to 39 to 75 years imprisonment in 2021 and that he was convicted of felon in possession of a firearm and felony firearm pursuant to a plea in the Wayne County Circuit Court and sentenced to consecutive terms of 3 to 7 ½ years

imprisonment and 2 years imprisonment in 2018.  <u>See</u> Don Andre Brown

Offender Profile, MDOC Offender Tracking Information System ("OTIS"),

http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=872586.  The

petitioner indicates that he has had difficulty preparing his habeas pleading

and that he seeks to preserve his right to federal habeas review.  For the

reasons stated herein, the Court dismisses without prejudice this case,

denies a certificate of appealability, and denies leave to proceed in forma

pauperis on appeal.

## II.   Discussion

It is well-established that a party must file a complaint to institute a

civil action in federal court.  The Federal Rules of Civil Procedure provide

that "[a] civil action is commenced by filing a complaint with the court."

Fed. R. Civ. P. 3.  Prior to the filing of a complaint, "an action has not

'commenced' within the meaning of the Federal Rules" and the Court lacks

subject matter jurisdiction to grant relief against any named defendants.

<u>Lusick v. City of Philadelphia</u>, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D.

Pa. March 21, 2013); <u>see also</u> <u>Gibson v. Department of Corrections</u>, No.

5:07-cv-255-RS-EMT, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (a

party "cannot commence a civil action by filing a motion"); <u>Luna v. Ford</u>

Motor Co., No. 3:06-0658, 2007 WL 837237 *2 (M.D. Tenn. March 14,

2007) ("Prior to the filing of a complaint a court lacks subject matter

jurisdiction and is powerless to grant preliminary injunctive relief."); Illinois

Blower, Inc. v. Deltak, 2004 WL 765187, *2 (N.D. Ill. Apr. 7, 2004)

("jurisdiction does not attach until a complaint is actually filed").

   The United States Supreme Court has held that a habeas suit begins

with the filing of an application for habeas corpus relief – the equivalent of

a complaint in an ordinary civil case.  Woodford v. Garceau, 538 U.S. 202,

208 (2003).  Habeas petitioners must meet the heightened pleading

standards set forth in the Rules Governing Section 2254 Cases.

McFarland v. Scott, 512 U.S. 849, 855 (1994).  Those rules provide, in

relevant part, that a habeas petition must:  (1) specify all the grounds for

relief  available to the petitioner;  (2) state the facts supporting each

ground; (3) state the relief requested.  Rule 2(c), Rules Governing Section

2254 Cases.  Additionally, the petition must "substantially follow either the

form appended to [the habeas] rules or a form prescribed by a local district

court rule."  Rule 2(d), Rules Governing Section 2254 Cases.  "A prime

purpose of Rule 2(c)'s demand that habeas petitioners plead with

particularity is to assist the district court in determining whether the State

-3-

should be ordered to 'show cause why the writ should not be granted.'"

Mayle v. Felix, 545 U.S. 644, 656 (2005) (citation omitted).  The Court has

authority to dismiss before service any petition in which it plainly appears

that the petitioner is not entitled to relief.  Rule 4, Rules Governing Section

2254 Cases.

     The petitioner's current motion does not meet these requirements.

The petitioner does not clearly indicate which convictions he seeks to

challenge, nor does he set forth specific grounds for relief in the form of a

habeas petition.  Rather, he seems to indicate that he intends to file such a

petition in the future.  His motion thus fails to comply with the Rules

Governing § 2254 Cases and the Federal Rules of Civil Procedure for

instituting a habeas action in federal court.  The Court cannot rule on any

motions until a proper habeas petition has been filed.

     Additionally, the petitioner has not submitted the filing fee for a

habeas action nor submitted an application to proceed in forma pauperis.

See 28 U.S.C. §§ 1914(a); 1915.  The filing fee for a federal habeas action

is $5.00.  See 28 U.S.C. § 1914(a); Rule 3, Rules Governing § 2254

Cases.  Consequently, this case is subject to summary dismissal.

III.    **Conclusion**

For the reasons stated, the Court **DISMISSES** this case.  This

dismissal is without prejudice to the filing of a proper habeas petition that

complies with the applicable filing and fee requirements. The Court makes

no determination as to the merits of the petitioner's potential claims or any

future motions.

Before the petitioner may appeal this decision, a certificate of

appealability ("COA") must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App.

P. 22(b).  A COA may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies relief on procedural grounds without addressing the

merits, a certificate of appealability should issue if it is shown that jurists of

reason would find it debatable whether the petitioner states a valid claim of

the denial of a constitutional right, and that jurists of reason would find it

debatable whether the court was correct in its procedural ruling.  <u>Slack v.

McDaniel</u>, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not

debate the correctness of the Court's procedural ruling.  Accordingly, the

Court **DENIES** a COA.  The Court also **DENIES** leave to proceed in forma

pauperis on appeal as an appeal would be frivolous.  Fed. R. App. P.

24(a).  This case is closed.  No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2022

| CERTIFICATE OF SERVICE |
| --- |
| Copies of this Order were served upon attorneys of record on September 27, 2022, by electronic and/or ordinary mail and also on Don Andre Brown #872586, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623. |
| s/Brianna Sauve<br>Deputy Clerk |
